

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS
XXWXXXXXXXILSON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable D. W. Stakes
General Manager
Texas Prison System
Huntsville, Texas

Dear Mr. Stakes:

Opinion No. 0-6794
Re: Payment of taxes due county
and school districts, by Texas
Prison System, in absence of
the specific appropiration.

We have your request for an opinion set out in the
following question:

"In the absence of a specific appropriation
providing for payment of taxes due counties and
school districts, can the Texas Prison System
pay such taxes from prison income?"

Section 6 of Article 8 of the Texas Constitution reads
as follows:

"<u>No money shall be drawn from the Treasury
but in pursuance of specific appropriations made
by law</u>; nor shall any appropriation of money be
made for a longer term than two years, except by
the first Legislature to assemble under this Con-
stitution, which may make the necessary appropria-
tions to carry on the government until the assem-
blage of the sixteenth Legislature.

Article 7150, Revised Civil Statutes, 1925, as amend-
ed by act of the Regular Session of the 49th Legislature, 1945,
Chapter 298, page 470, (H. B. 289) reads as follows:

"Article 7150. (7507) (5065). Exemption from
taxation.

"The following property shall be exempt from
taxation, to-wit:

". . . . . . .

"<u>Subsection 4.</u> All property, whether real

or personal, belonging exclusively to this State, or any political subdivision thereof, or the United States, except that in each county in this State, where the State of Texas has or may acquire and own land for the purpose of establishing thereon State farms and employing thereon convict labor on State account, the penitentiary board or board of penitentiary commissioners, or other officers of the penitentiary having the management of the same, shall render said land for taxes to the tax assessor of said county and to the tax assessor of each independent school district in which said property, or any part thereof, is located; and the taxes on same shall be assessed and collected in the manner required by law for the assessment and collection of other taxes; provided, that said taxes shall be assessed and collected for county and independent school district purposes only; and said county and independent school district taxes, including all current taxes and all delinquent taxes, shall be paid annually out of the General Revenue Fund of the State. In arriving at the amount to be paid in taxes to the counties the value of the land only shall be considered and not the value of the buildings and other improvements owned by the State and situated on said land." . . . . .

We have examined Chapter 378, Acts of the Regular Session of the 49th Legislature, being Senate Bill 317, providing for "Appropriations--State Executive and Administrative Departments and Agencies". An appropriation is made in that bill for the Texas Prison System, but there is no specific appropriation for payment of taxes to be paid to counties and school districts on state owned land. The bill contains the following at the conclusion of specific sums appropriated, to-wit:

"For the purpose of efficiency and economically purchasing supplies and materials necessary for the operation and maintenance of the Prison System's shoe shop, print shop, garment factory, textile mill, sugar mill, canning plant, agricultural and livestock program, license plate plant, brick plant, tannery, and any other industry of the Prison System, and for the processing, packaging and distributing the goods produced by the Prison Industries there is hereby reappropriated for each year of the biennium beginning September 1, 1945, the Prison Industrial Revolving Fund of Fifty Thousand ($50,000.00) Dollars created by Chapter 403 (H.B. 78), Acts of the First Called Session of the 44th

Legislature and deposited in equal amounts in the
First National Bank and the Huntsville National
Bank in Huntsville, Texas, subject to and with
the benefits contemplated in the provisions of
said Act. The Prison Industrial Revolving Fund
in the State Treasury and all deposits thereto
during the biennium beginning September 1, 1945,
are appropriated for each year of the biennium and
all withdrawals from the Prison Industrial Revolv-
ing Fund in the State Treasury made in carrying
out said Chapter 403, shall be made on vouchers of
the Prison System signed by the General Manager and
Auditor of the Prison System and approved by the
State Board of Control and the State Comptroller.
The Comptroller shall issue his warrants in payment
of said vouchers, when properly signed and approved,
out of any money in said Treasury Account.

"Revolving expense fund Twenty-five Thousand
($25,000.00) Dollars is continued and reappropriated
until September 1, 1947, to be deposited equally in
the First National Bank of Huntsville and the Hunts-
ville National Bank, and each of said banks shall
deposit with the General Manager of the Prison System
bonds of security to be approved by the Prison Board
and the Attorney General of the State of Texas to
secure said deposits.

" . . . . .

"Provided, however, that funds which may be
deposited in the State Treasury during the bien-
nium beginning September 1, 1945, from the sale of
goods or products produced or processed by the Pri-
son System, in excess of the amounts necessary to
reimburse all Prison Revolving Funds carried in the
Huntsville banks, are hereby appropriated for the
construction, during the biennium, of Cell Blocks,
Buildings, and Engineering and Architectural Fees,
any such construction work so undertaken to be first
approved by a majority of the members of the Texas
Prison Board, provided such amount shall not exceed
$150,000.00, and provided further that any balance
in the State Treasury in the Prison Industrial Re-
volving Fund at the end of said biennium in excess
of $50,000.00 shall be transferred to the General
Revenue Fund, and that any balance in the State
Treasury in the Texas Prison Fund at the end of
said biennium in excess of $50,000.00 shall be
transferred to the General Revenue Fund."

It will be noted from the above that funds from the sale of goods and products produced and processed by the Prison System, in excess of the amounts necessary to reimburse all Prison Revolving Funds are appropriated for construction of Cell Blocks, Buildings, and Engineering and Architectural Fees, not to exceed $150,000.00 and any balance in the State Treasury in the Prison Industrial Revolving Fund, at the end of said biennium in excess of $50,000.00 shall be turned back to the General Revenue Fund, and any balance in the State Treasury in the Texas Prison Fund at the end of said biennium in excess of $50,000.00 shall likewise be transferred to the General Revenue Fund.

We do not find any appropriation for the purpose of paying taxes and it will be seen that the Legislature provided the methods of assessing the taxes and the manner of arriving at the amount, as well as providing that payments shall be made out of the General Revenue Fund but failed to make an appropriation of the money with which to pay such taxes.

In the case of National Biscuit Co. v. the State, 135 S. W. (2d) 687, the Supreme Court of Texas said the following:

"As just stated, one of the provisions of Section 6 of Article 8 of our Constitution requires all appropriations of money out of the State's Treasury to be specific. It is settled that no particular form of words is required to render an appropriation specific within the meaning of the constitutional provision under discussion. It is sufficient if the Legislature authorizes the expenditure by law, and specifies the purpose for which the appropriation is made. . . . ." (Underscoring ours)

"In spite of the above rules of law, we think that this attempted appropriation falls short of meeting the constitutional requirements that it be specific . . . . . It is indefinite as to amount, or even as to a maximum amount, leaving that matter, not to the Legislature, but to another branch of the Government, the courts to determine. We do not believe that such an appropriation of money out of the State Treasury meets the constitutional requirements that it shall be specific.

It is the opinion of this department that in the absence of a specific appropriation providing for payment of taxes due counties and school districts, the Texas Prison System cannot pay taxes from Prison income.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Jos. V. Frnka
Jos. V. Frnka
Assistant

JVF:ddt:wc

APPROVED SEP 4, 1945
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL